# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2021

Lyle W. Cayce
Clerk

No. 20-50903
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CEDRIC JAMAL CANADY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-52-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Cedric Jamal Canady pleaded guilty to possession of a firearm by a convicted felon. The firearm named in the indictment was a Smith & Wesson, .40 caliber semi-automatic handgun. Canady objected to the presentence report's inclusion of a Ruger .22 caliber rifle in the relevant

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50903

conduct for his offense.  The district court overruled this objection and sentenced Canady to 87 months in prison.  Canady now appeals his sentence. In reviewing sentencing challenges, we employ a bifurcated process; we first examine whether the district court committed any significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007).  If not, we then consider the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.*

Canady first argues that the sentencing facts must have been proven by clear and convincing evidence.  Inclusion of the Ruger rifle resulted in a guidelines imprisonment range of 70 to 87 months, rather than 37 to 46 months.  This increase is not sufficiently dramatic to warrant a higher burden of proof in the light of *United States v. Simpson*, 741 F.3d 539, 558-59 (5th Cir. 2014), *United States v. Carreon,* 11 F.3d 1225, 1240 (5th Cir. 1994), and *United States v. Mergerson,* 4 F.3d 337, 343 (5th Cir. 1993).  Canady has not shown that the district court erred procedurally.

With respect to Canady's argument that the sentence imposed was substantively unreasonable, the sentence was within the applicable guidelines range and is presumptively reasonable. *See United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013).  To rebut the presumption of reasonableness, Canady must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Canady has failed to make this showing.  Canady's disagreement with the sentence selected by the district court is insufficient to justify reversal. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.